# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TAMARA THOMAS | § |
| | § Civil Action No. 4:19-CV-502 |
| v. | § (Judge Jordan/Judge Nowak) |
| | § |
| UNITED STATES OF AMERICA | § |
| | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 15, 2019, the report of the Magistrate Judge (Dkt. #13) was entered containing proposed findings of fact and recommendations that Petitioner Tamara Thomas's (1) "Motion pursuant to Excessive Fines Clause of the Eighth Amendment Requesting the Return of Petitioner's Vehicles" (Dkt. #1); and (2) "Motion Requesting Reconsideration pursuant to the State Bar Ruling of Mis-conduct" (Dkt. #6) (collectively, the "Motions") be denied. Having received the report of the Magistrate Judge, considered Petitioner's Objection (Dkt. #15), and conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

The facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety. Petitioner initiated the instant suit for return of property against the United States of America on July 9, 2019 (Dkt. #1).[1] By and through her Motions, Petitioner asks the Court to order the Government to return certain vehicles previously seized and criminally forfeited. The Magistrate Judge recommended Petitioner's Motions be denied (Dkt. #13) after detailing the

---

[1] Petitioner also initiated another civil action in this district, *Thomas v. United States*, No. 4:18-CV-00812-MAC-KPJ (E.D. Tex. filed Nov. 13, 2018). Therein, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

extensive dialogue related to the forfeiture provision in Petitioner's Plea Agreement at Petitioner's change of plea hearing. On December 12, 2019, Petitioner filed an Objection to the Magistrate Judge's report (Dkt. #15). Therein, Petitioner asks the Court "to grant petitioner relief pursuant to the excessive forfeiture motion despite the Recommendation and Report from the Magistrate Judge" on the basis that the record is clear Petitioner was not comfortable in proceeding at the plea hearing and was confused about her Plea Agreement (Dkt. #15 at p. 4). Petitioner also asserts for the first time that the vehicles belong to and/or that unnamed third parties have an interest in the property seized (Dkt. #15 at p. 3).

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3).

*Plea Agreement*

To reiterate, in her Objection, Petitioner advances: "the record is clear that on several occasions, petitioner was not comfortable, nor was she confident in proceeding with the plea hearing . . . . The Court asked petitioner if she had talked to counsel regarding the case and the defenses that might be available. The defendant's response was, not really." (Dkt. #15 at p. 1-2). Petitioner continues by stating, "[t]he record of the hearing is clear that there was 'much' confusion on the petitioner's behalf. Even when petitioner acknowledged that she understood what Your Honor was conveying, this understanding was based on the additional 'side-bar' information that counsel was giving to the petitioner to 'ensure' that petitioner would move forward with the proceedings" (Dkt. #15 at p. 2). Petitioner seemingly suggests the Court should have, on its on

accord, decided "it was not in the best interest of justice or the petitioner to accept the plea agreement" (Dkt. #15 at p. 2).

Petitioner's continued assertion in her Objection that she failed to understand her Plea Agreement, including specifically the forfeiture provision in her Plea Agreement, is unsupported by any evidence other than Petitioner's own unadorned statements. As the Magistrate Judge noted, Petitioner, under oath, repeatedly affirmed "(1) she reviewed the Plea Agreement; (2) she signed the Plea Agreement; (3) the signature at the end of the Plea Agreement was hers; (4) she understood the terms of the Plea Agreement (including the provision on forfeiture and waiver of appeal); (5) she reviewed the Plea Agreement with her counsel; and (6) she did not have any questions about the Plea Agreement or its contents" (Dkt. #13 at p. 8). Petitioner's Objection raises no new allegations or law to support the proposition that Petitioner's plea of guilty before the Magistrate Judge was involuntary. Instead, Petitioner selectively points to excerpts from the record in an attempt to show that she "was not comfortable, nor was she confident in proceeding with the plea hearing" (Dkt. #15 at p. 1). Neither of the excerpts upon which Petitioner attempts to rely on relate to the forfeiture provision. Moreover, the excerpts, when read in context, make clear that Petitioner was not confused about the terms of her Plea Agreement and was given every opportunity to ask questions and/or to request additional time to speak with her lawyer but affirmatively requested to proceed with entering a plea.

Specifically, the record reflects the Magistrate Judge asked Petitioner whether she had discussed with her counsel any defenses Petitioner might have (Dkt. #9-1 at p. 9-11). After providing Petitioner and her counsel an opportunity to confer, the Magistrate Judge then confirmed, in open court and on the record, that Petitioner was comfortable and confident in moving forward (Dkt. #9-1 at p. 11-12). Petitioner expressly stated she "had a sufficient

3

opportunity to speak with" her counsel about her case and wanted to plead and "go forward" (Dkt. #9-1 at p. 16). Petitioner further points to page fourteen of the record as evidence of her confusion about moving forward with the proceeding (Dkt. #15 at p. 2). On page fourteen, the record reflects the Magistrate Judge assured Petitioner that she could further speak with her counsel, was not required to enter a plea, and had the constitutional right to go to trial instead of enter a plea (Dkt. #9-1 at p. 14). Thereafter, Petitioner spoke with her counsel at length (Dkt. #9-1 at p. 15-16), after which Petitioner again affirmed on her own volition that she wanted to plead, "go forward," and had a sufficient opportunity to speak with her counsel (Dkt. #9-1 at p. 16).

Notably, Petitioner expressed no hesitation in connection with the discussion of the now disputed forfeiture provision. Rather, Petitioner was read the language in the Plea Agreement regarding forfeiture of the vehicles, which she affirmed constituted "proceeds traceable directly or indirectly to the illegal activity" (Dkt. #9-1 at p. 24-26). Petitioner affirmed that she "voluntarily and of [Petitioner's] own free will agree[d] to give up all right, title, and interest to that property and not to contest its forfeiture" (Dkt. #9-1 at p. 27). Petitioner later again affirmed that she had no questions, agreed to each of the provisions of the Plea Agreement voluntarily and of her own free will, did not want a further opportunity to speak with her counsel before moving forward, and asked the Magistrate Judge to accept and approve the agreement (Dkt. #9-1 at p. 29, 37).

"[W]hen a defendant's allegations contradict his sworn testimony given at a plea hearing, [courts] have required more than 'mere contradiction of his statements,' typically 'specific factual allegations supported by the affidavit of a reliable third person.'" *United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) (quoting *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986)). As the Magistrate Judge previously found, no such specific factual allegations exist on the face of the record or in Petitioner's Objection. Indeed, the Magistrate Judge "carefully

4

reviewed Petitioner's plea agreement with [her] in detail. Petitioner offers no explanation for why this did not inform [her] of any problems contained therein." *See De Leon v. United States*, No. 5:08-CR-31-02, 2014 WL 12844571, at *3 (S.D. Tex. Jan. 7, 2014). Petitioner's Objection, therefore, is overruled.

*Unnamed Third Parties' Interest in the Seized Vehicles*

In addition, Petitioner, in her Objection, for the first time asserts that unnamed third parties have an interest in the vehicles necessitating that the vehicles be returned. Petitioner argues, "third partie(s) who were not a part of the criminal case . . . have an interest in the forfeited property in which was seized 'illegally' outside of the plea agreement and pursuant to the Rules of Criminal Procedure, Rule 11(c)" (Dkt. #15 at p. 3). "[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *see also F.T.C. v. Namer*, No. 06-30528, 2007 WL 2974059, at *7 (5th Cir. Oct. 12, 2007) ("This Circuit has held that a party who objects to a magistrate judge's report waives any legal arguments that were not made first before the magistrate judge.") (citing *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994)); *Stangel v. Sparkman*, No. 6:07-CV-317, 2007 WL 2725382, at *1 (E.D. Tex. Sept. 18, 2007) ("It is noted that the Plaintiff is trying to raise new claims in his objections, but issues raised for the first time in objections to a Report and Recommendation are not properly before the Court.").

Even so, Petitioner lacks standing to assert these challenges on behalf of unnamed third parties. 21 U.S.C. § 853(n) governs "[t]hird party interests" in criminal forfeiture proceedings, which provides procedures for third parties to assert their interests in property subject to forfeiture under the section. *See* 21 U.S.C. § 853(n). "A third party 'asserting a legal interest in property

5

which has been ordered forfeited' may 'petition the court for a hearing to adjudicate the validity of his alleged interest in the property.'" *United States v. Butt*, 930 F.3d 410, 412 (5th Cir. 2019) (quoting 21 U.S.C. § 853(n)(2)-(3); *see also* FED. R. CRIM. P. 32.2(c)). The unnamed third parties, if any, have not asserted a legal interest in the vehicles that have been forfeited. Rather, only Petitioner has asserted a legal interest. Petitioner has waived her own claims under the Eighth Amendment to the United States Constitution regarding the forfeiture of the vehicles. And "[u]nder Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853(n), *a criminal defendant cannot assert the claims of a third-party in a forfeiture ancillary proceeding*; the third-party must assert those claims directly." *United States v. Pate*, No. 4:14-CR-125, 2016 WL 6993478, at *2 (E.D. Tex. Nov. 30, 2016) (citing *United States v. Bennett*, 147 F.3d 912, 913-15 (9th Cir. 1998); FED. R. CRIM. P. 32.2; 21 U.S.C. § 853(n)) (emphasis in original); *see also United States v. Padron*, No. 3:12-CR-211-M (01), 2017 WL 2664378, at *2 (N.D. Tex. May 24, 2017), *report and recommendation adopted*, 2017 WL 2672633 (N.D. Tex. June 20, 2017) (finding the defendant did not have standing to assert a claim as to the forfeited property because the defendant's only remedy was direct appeal, and the defendant did not challenge the forfeiture on the direct appeal). Petitioner, therefore, lacks standing. Moreover, to reiterate, as this Court has recognized, Petitioner knowingly and voluntarily waived all claims arising out of the forfeiture of the vehicles—including any constitutional challenges under the Eighth Amendment to the United States Constitution. Petitioner's Objection, therefore, is overruled.

## CONCLUSION

Having considered Petitioner's Objection (Dkt. #15), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #13) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Petitioner Tamara Thomas's Motions (Dkts. #1, 6) are **DENIED**.

**So ORDERED and SIGNED this 23rd day of January, 2020.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE