# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TAMARA THOMAS | § |
| | § Civil Action No. 4:19-CV-502 |
| v. | § (Judge Jordan/Judge Nowak) |
| | § |
| UNITED STATES OF AMERICA | § |
| | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On April 17, 2020, the report of the Magistrate Judge (Dkt. #19) was entered containing proposed findings of fact and recommendations that Petitioner Tamara Thomas's (1) "Motion Requesting 'Immediate Release' from Custody" (Dkt. #8); (2) "Motion Requesting Magistrate Ruling on Movant's Release from Custody" (Dkt. #11); and (3) "Motion Requesting Court's Expediate [sic] Ruling on Motions[] Pending" (Dkt. #12) be denied.

Having received the report of the United States Magistrate Judge, and no objections thereto having been timely filed, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.[1]

---

[1] The Court, as required, has construed *pro se* Petitioner's pleadings liberally. *United States v. Elam*, 930 F.3d 406, 410 (5th Cir. 2019). "Absent jurisdiction conferred by statute, district courts lack power to consider claims." *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020) (quoting *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Here, Petitioner's instant Motions move the Court for release pending determination of her action under 28 U.S.C. § 2255. A court can consider whether bail is warranted pending resolution of a postconviction federal habeas corpus petition "when the petitioner has raised substantial constitutional claims upon which [s]he has a high probability of success," and "when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *United States v. Pfluger*, 522 F. App'x 217, 218 (5th Cir. 2013) (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) (per curiam)); *see also Houston v. Davis*, No. 3:18-CV-03199-G (BH), 2020 WL 3036616 (N.D. Tex. June 5, 2020).

It is, therefore, **ORDERED** that Petitioner Tamara Thomas's (1) "Motion Requesting 'Immediate Release' from Custody" (Dkt. #8); (2) "Motion Requesting Magistrate Ruling on Movant's Release from Custody" (Dkt. #11); and (3) "Motion Requesting Court's Expediate [sic] Ruling on Motions[] Pending" (Dkt. #12) are **DENIED**.

**So ORDERED and SIGNED this 12th day of June, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE